IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00825-KDB-DCK

| | |
|---|---|
| NORMAN LEE GATEWOOD,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DISTRICT COURTS WESTERN DISTRICT OF NORTH CAROLINA,<br><br>Defendant. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 2). The Court has carefully considered this motion and Plaintiff's sworn Application, which details his financial circumstances. Based on that examination, the Court finds that Plaintiff's reasonable expected expenses exceed his expected income, and he does not otherwise have sufficient assets with which to pay the filing fee. Accordingly, the Court will **GRANT** the Motion for the limited purpose of conducting an initial review but **DISMISS** Plaintiff's Complaint without prejudice after conducting that review.

### I. Plaintiff's Motion to Proceed IFP

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)). To achieve its goal, the IFP statute "allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating … that he is unable to pay the costs of a lawsuit." *Id.* In his IFP motion, Plaintiff states that

1

he lives on disability income and that he does not otherwise have assets that would allow him to pay for these proceedings. *See* Doc. No. 2. Based on these representations, the Court will conditionally grant the motion and permit Plaintiff to proceed IFP solely for the limited purposes of this initial review.

## II.  Initial Review

Because Plaintiff is proceeding IFP, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327–28. Furthermore, a pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

In this Complaint, Pro se Plaintiff Norman Lee Gatewood appears not to allege a claim against the Western District of North Carolina; rather, he seeks reparations and to change his past nationality, stating "I no longer wish to be recognized as African American." Doc. No. 1 at 4. He states that he is instead seeking to be recognized as a "Black American Native Son." *Id.* In his prayer for relief, he says that he would like "[t]o cease and [desist] the name African American and to make that motion be recognized in order of the courts." He also asks for a "care package forward forth [reparation] reform and separate from a[n] African American Heritage." *Id.* Most simply put, none of these allegations state a cognizable federal claim or any claim over which this Court has jurisdiction. Therefore, the matter must be dismissed.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's IFP Motion (Doc. No. 2) is **GRANTED;**

2. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** without prejudice; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.
Signed: October 27, 2025

Kenneth D. Bell
United States District Judge